UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. SMITH,

        Petitioner,

v.                                             CASE NO. 2:06-cv-11799
                                              HONORABLE GEORGE CARAM STEEH

SMITH/PALMER,[1]

        Respondent.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

Petitioner William J. Smith has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254.  The petition and attached exhibit allege that Petitioner was convicted in 1985 of assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 780.84, and assault with intent to rob while armed, MICH. COMP. LAWS § 750.89.  The trial court sentenced Petitioner to imprisonment for five to ten years for the first count and thirty to fifty years for the second count.  On September 28, 1988, the Michigan Court of Appeals affirmed Petitioner's conviction and sentence.  *See People v. Palmer*, No. 91053 (Mich. Ct. App. Sept. 28, 1988).[2]

---

[1] Although Petitioner names "Smith/Palmer" as the respondent, the Court believes that David L. Bergh is the correct respondent, because Bergh is the state official who holds Petitioner in custody.  *See* 28 U.S.C. § 2243 ¶ 2; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Petitioner's alias is Dewitt Palmer.  *See* www.state.mi.us/mdoc/asp/otis2 profile.asp?mdocNumber=179571.

This Court received Petitioner's unsigned and undated habeas corpus petition on April 14, 2006. After the Court directed Petitioner to sign his pleading and to submit a certified statement of his trust fund account, Petitioner paid the filing fee and submitted a signed habeas corpus petition. The sole claim in the signed petition reads: The Grounds Is These took the Money; Cause's sees, the's Action's not's there[.]

Because it appeared to the Court that the petition was barred by the statute of limitations, the Court ordered Petitioner to show cause why his petition should not be dismissed. Petitioner responded to the Court's order by submitting a copy of his judgment of sentence, a prisoner grievance form, information about a federal class action on prison disciplinary proceedings, internal prison documents, and other miscellaneous papers. Although the Court directed Petitioner to show cause why his habeas petition should not be dismissed as untimely, the Court finds, upon further review, that the habeas petition is wholly frivolous.

## II. Discussion

Federal courts may grant the writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Furthermore, a pleading must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and all pleadings must be "construed as to do substantial justice." Fed. R. Civ. P. 8(f). However, when a pleading is so confusing that the opposing party cannot possibly file a meaningful reply, it must be stricken for noncompliance with Rule 8(a). *King v. Fayette County*, 92 F.R.D. 457, 458 (W.D. Pa.1981).

Petitioner has not submitted an intelligible ground for relief or a plain statement showing entitlement to relief.  In fact, it is unclear from the habeas petition and miscellaneous papers filed in support whether Petitioner is attacking his state conviction, is contesting a prison disciplinary matter, or is complaining of some other matter.  Petitioner has not shown that he is in custody in violation of federal law, and nothing he has written "can be characterized as having arguable substance in law or in fact." *Id*. at 459.  Accordingly, the habeas petition is summarily DISMISSED without prejudice.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (stating that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

Dated:  July 6, 2006

>   s/George Caram Steeh
>   GEORGE CARAM STEEH
>   UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 6, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---