UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. SMITH,

      Petitioner,

v.                                CASE NO. 2:06-cv-11799
                                HONORABLE GEORGE CARAM STEEH

SMITH/PALMER,

      Respondent.
_____/

## ORDER DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

      Petitioner William J. Smith has appealed the Court's order summarily dismissing his habeas corpus petition. The Court dismissed the petition because it did not allege an intelligible ground for relief.

      The Court must treat Petitioner's notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

      Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307

(6th Cir. 1997). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484.

The sole habeas claim reads: "The Grounds Is These took the Money; Cause's sees, the's Action's not's there[.]" The Court summarily dismissed the habeas petition because it was confusing and unintelligible, *see King v. Fayette County*, 92 F.R.D. 457, 458 (W.D. Pa.1981), and because Petitioner had failed to demonstrate that he was in custody in violation of federal law. *See* 28 U.S.C. §§ 2241(c)(3) and 2254(a). Reasonable jurists would not find the Court's assessment of Petitioner's claim debatable or wrong. Accordingly, the Court DECLINES to issue a certificate of appealability. Petitioner, nevertheless, may proceed *in forma pauperis* on appeal.

Dated: September 6, 2006

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 6, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk